UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE M. DIAZ,<br><br>        Plaintiff,<br><br>        v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social<br>Security,<br><br>        Defendant. | No.  EDCV 05-973-JTL<br><br>MEMORANDUM OPINION AND ORDER |

**PROCEEDINGS**

On October 24, 2005, Jose M. Diaz ("plaintiff") filed a Complaint seeking review of the Commissioner's denial of his application for disability insurance benefits. On November 9, 2005, plaintiff filed an Amended Complaint. On December 1, 2005, the parties filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. Thereafter, on April 24, 2006, defendant filed an Answer to Complaint. On June 28, 2006, the parties filed their Joint Stipulation.

The matter is now ready for decision.

///

**BACKGROUND**

On July 24, 2003, plaintiff filed an application for disability insurance benefits. (Administrative Record ["AR"] at 116-18). Plaintiff alleged that, beginning on June 28, 2000, he was unable to work because of pain in his back, shoulder, knees, and groin. (AR at 122-23). The Commissioner denied plaintiff's application for benefits, both initially and upon review. (AR at 105-10, 112-15).

Thereafter, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR at 70). On March 16, 2005, the ALJ conducted a hearing in Orange, California. (AR at 72-104). Plaintiff appeared at the hearing with his counsel and testified. (AR at 75-92, 101-03). Joseph Jensen, M.D., a medical expert, and Stephen Berry, a vocational expert, also appeared and testified. (AR at 92-98, 98-101). Diane Orosco, a Spanish interpreter, was also present. (AR at 72).

On June 21, 2005, the ALJ issued her decision denying benefits. (AR at 47-54). In her decision, the ALJ concluded that plaintiff suffered from the following severe impairments: status post shoulder surgery with residual tendinitis and degenerative arthritis of the humeral head, status post right knee surgery, degenerative disc disease of the cervical spine, and moderate lumbar spondylosis at multiple levels. (AR at 53). According to the ALJ, however, these impairments did not meet or equal any of the criteria contained in the Commissioner's Listing of Impairments, 20 C.F.R. Section 404, Subpart P, Appendix 1. (Id.). The ALJ also found that plaintiff's allegations regarding his limitations were not fully credible. (Id.). The ALJ concluded that plaintiff retained the residual functional

1 capacity to perform a significant range of light work. (AR at 54).
2 Ultimately, the ALJ concluded that plaintiff was not disabled pursuant
3 to the Social Security Act. (Id.).

4     Plaintiff filed a timely request with the Appeals Council for
5 review of the ALJ's decision. (AR at 43). On September 23, 2005, the
6 Appeals Council affirmed the ALJ's decision. (AR at 38-40).

**PLAINTIFF'S CONTENTION**

9     Plaintiff claims the ALJ improperly evaluated his subjective
10 complaints of pain.

**STANDARD OF REVIEW**

13     Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision
14 to determine whether the ALJ's findings are supported by substantial
15 evidence and whether the proper legal standards were applied. DeLorme
16 v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence
17 means "more than a mere scintilla" but less than a preponderance.
18 Richardson v. Perales, 402 U.S. 389, 401 (1971); Desrosiers v.
19 Secretary of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir.
20 1988).

21     Substantial evidence is "such relevant evidence as a reasonable
22 mind might accept as adequate to support a conclusion." Richardson,
23 402 U.S. at 401. This Court must review the record as a whole and
24 consider adverse as well as supporting evidence. Green v. Heckler,
25 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible
26 of more than one rational interpretation, the ALJ's decision must be
27 upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

**DISCUSSION**

**A.   The Sequential Evaluation**

The Commissioner has established a five-step sequential process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920 (1991); Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). At step one, disability benefits are denied if the Commissioner determines that the claimant is engaged in substantial gainful activity. Id. at 140. At step two, the Commissioner evaluates whether the claimant has a medically severe impairment which significantly limits his physical or mental ability to do basic work activities. Id. at 140-41. Step three requires a consideration of whether the claimant's impairment is equivalent to one of a number of listed impairments that are so severe as to preclude substantial gainful activity. Id. at 141. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Id. If the impairment is not one that is conclusively presumed to be disabling, step four of the evaluation determines whether the impairment prevents the claimant from performing work he has performed in the past. Id. If the claimant cannot perform his past work, the fifth and final step determines whether he is able to perform other work in the national economy in light of his age, education and work experience. Id. at 142. The claimant is entitled to disability benefits only if he is not able to perform such work. Id.

**B.   Plaintiff's Subjective Complaints**

Plaintiff claims that the ALJ "totally failed" to evaluate plaintiff's subjective complaints of pain. (Joint Stip. at 2). First, plaintiff alleges that the ALJ failed to make any threshold finding as to whether plaintiff suffered from a medically determinable

4

impairment which could reasonably be expected to produce his complaints of pain. Second, plaintiff claims that the ALJ failed to consider the effects of plaintiff's pain on his ability to work. Overall, plaintiff alleges that the ALJ erred in failing to provide clear and convincing reasons for rejecting his testimony with respect to his subjective complaints.

An ALJ need not believe every allegation of disabling pain. See Ortega v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995). Where an ALJ finds a claimant's claims of disabling pain not entirely credible, and there is no evidence of malingering, the ALJ must set forth legally permissible, specific, clear and convincing reasons for doing so. See Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993) ("If there is medical evidence establishing an objective basis for some degree of pain and related symptoms, and no evidence affirmatively suggesting that the claimant was malingering, the Secretary's reason for rejecting the claimant's testimony must be 'clear and convincing,' and supported by specific findings") (citations omitted). "The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints." Morgan v. Commissioner of the Social Security Admin., 169 F.3d 595, 599 (9th Cir. 1999).

Furthermore, "[i]t's not sufficient for the ALJ to make only general findings; he must state which pain testimony is not credible and what evidence suggests the complaints are not credible." Dodrill, 12 F.3d at 918 (citing Varney v. Secretary of Health and Human Services, 846 F.2d 581, 584 (9th Cir. 1988), rev'd on other grounds upon reh'g, 859 F.2d 1396 (9th Cir. 1988)). An ALJ's reasons for discrediting a claimant's testimony must be sufficiently specific for the reviewing court to assess whether the decision was impermissibly

arbitrary. Bunnell v. Sullivan, 947 F.2d 341, 345-56 (9th Cir. 1991).

Here, plaintiff wrote in a Pain Questionnaire that he was in constant pain "day and night." (AR at 119). He testified at the hearing that he spends all day at home sitting or lying down and occasionally reading. (AR at 89). Plaintiff further testified that he needs to lay down two or three times a day for a little more than an hour and that he could sit down for up to an hour at a time. (AR at 102-03). Plaintiff testified that he needed to be "in constant movement" due to the pain. (AR at 103). The ALJ cited to several factors giving rise to her rejection of plaintiff's credibility: (1) findings by Drs. Wakim and Wachs that plaintiff was not cooperative during his medical examinations and appeared to be malingering; (2) plaintiff's complaints and alleged limitations were out of proportion to the objective clinical findings; and (3) plaintiff's conservative medical treatment. (AR at 51).

**1. Physicians' Opinions of Malingering**

On February 13, 2003, Paul Wakim, D.O., performed an Initial Complex Comprehensive Orthopedic Evaluation and ML-104 Report on plaintiff in conjunction with plaintiff's claim for worker's compensation. (AR at 290-315). In his report, Dr. Wakim noted there was a "lack of effort as well as malingering" by plaintiff on certain tests (AR at 302), that plaintiff was "extremely uncooperative during the examination" (AR at 305), the "apparent malingering and lack of effort [were] inconsistent with the objective findings" (id.), that plaintiff's limitations "appear[] to be motivated by personal gain and inconsistent with the medical evidence" (AR at 309), and that plaintiff was "significantly malingering and putting on an effort to increase his symptoms" (AR at 309). Dr. Wakim also noted that other

6

physicians, Drs. Mall and Heinen, found that plaintiff had significant malingering symptoms. (AR at 311). Barton H. Wachs, M.D., a urologist, examined plaintiff and opined that plaintiff could return to work without any restrictions or limitations. (AR at 320). In the course of his examination, however, Dr. Wachs observed that he had "always been somewhat perplexed by patient's presentation," a comment which suggests that Dr. Wachs may have believed plaintiff was malingering. (AR at 319). Thus, ample evidence exists in the record that suggests malingering on the part of plaintiff.

The Ninth Circuit has held that "efforts to impede accurate testing of [a claimant's] limitations supports the ALJ's determinations as to [a claimant's] lack of credibility." Thomas v. Barnhart, 278 F.3d 947, 259 (9th Cir. 2003). Here, the ALJ found the opinions of Drs. Wakim and Wachs to be the most credible with respect to plaintiff's lack of effort and signs of malingering. It is well-settled that questions of credibility and resolutions of conflicts in the testimony are functions solely of the ALJ. See Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). Thus, the ALJ properly rejected plaintiff's credibility with respect to his subjective complaints.

**2. Out of Proportion Subjective Complaints**

Next, the ALJ rejected plaintiff's subjective complaints and limitations because they were out of proportion to the objective clinical findings and observed functional restrictions. A claimant, however, need not produce evidence of pain other than his own subjective testimony. Smolen v. Chater, 80 F.3d 1273, 1282 (9th Cir. 1996) ("The claimant need not produce objective medical evidence of the pain or fatigue itself, or the severity thereof."). Nor must a

7

claimant present objective medical evidence of a causal relationship between the impairment and the type of symptom. See Smolen, 80 F.3d at 1282; see also Johnson v. Shalala, 60 F.3d 1428, 1433 (9th Cir. 1995) ("[O]nce an impairment is medically established, the ALJ cannot require medical support to prove the severity of the pain."). Rather, the claimant need only "produce objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." Bunnell, 947 F.2d at 344 (internal quotations omitted). This approach reflects the Ninth Circuit's recognition of the "highly subjective and idiosyncratic nature of pain and other such symptoms," Smolen, 80 F.3d at 1282, such that "[t]he amount of pain caused by a given physical impairment can vary greatly from individual to individual." Id. (internal quotations omitted).

Put another way, "[a]n individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence." Social Security Ruling ("SSR") 96-7p.[1] Instead, a claimant must demonstrate only two things: "(1) [he] must produce objective medical evidence of an impairment or impairments; and (2) [he] must show that the impairment or combination of impairments could reasonably be expected to (not that it did in fact) produce some

---

[1] Social Security Rulings are issued by the Commissioner to clarify the Commissioner's regulations and policies. Bunnell, 947 F.2d at 346 n.3. Although they do not have the force of law, they are, nevertheless given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." Han v. Bowen, 882 F.2d 1453, 1457 (9th Cir. 1989).

8

degree of symptom." SSR 96-7p; see also SSR 96-3p. If there is no evidence of malingering, the Commissioner's reasons for rejecting a plaintiff's testimony must be clear and convincing. Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004); Veritgan v. Halter, 260 F.3d 1044, 1049 (9th Cir. 2001); Morgan v. Apfel, 169 F.3d 595, 599 (9th Cir. 1999). When evidence exists to suggest that a plaintiff is malingering, as in the instant case, "the ALJ must make a credibility determination citing the reasons why the testimony is unpersuasive," specifically identifying what testimony was credibility and what testimony undermined plaintiff's complaints. Morgan, 169 F.3d at 599.

In this case, the ALJ found that plaintiff's subjective complaints and limitations were out of proportion with the objective findings in the record. (AR at 51). The ALJ reasoned that objective findings did not support the severe physical limitations that plaintiff alleged. (Id.). Specifically, the ALJ noted the lack of disuse muscle atrophy that would be compatible with his alleged inactivity and ability to function. (Id.). Indeed, the record lacked any indication that plaintiff suffered from muscle atrophy as a result of his inactivity. As such, the ALJ cited an adequate reason for rejecting plaintiff's credibility based on his subjective complaints being out of proportion with the objective findings.[2]

///

///

---

[2] In the Joint Stipulation, plaintiff inaccurately claims that the ALJ needed to cite "clear and convincing reasons" for rejecting plaintiff's testimony. (Joint Stip. at 5). Given the evidence of malingering, however, the ALJ need only cite "the reasons why the testimony is unpersuasive." Morgan, 169 F.3d at 599.

### 3.  Conservative Treatment

The ALJ also cites to plaintiff's conservative medical treatment as a basis for rejecting plaintiff's subjective complaints regarding his disabled status. (AR at 51). Specifically, the ALJ noted that plaintiff's subjective complaints and alleged limitations were not consistent with his treatment. (Id.). While plaintiff saw a doctor on a regular basis, no physician recommended back surgery or more aggressive treatment. (Id.).

An ALJ may rely on a plaintiff's conservative treatment regimen to reject a plaintiff's testimony of disabling limitations or disabling pain. Fair v. Bowen, 885 F.2d at 604. For example, in Fair v. Bowen, the Ninth Circuit affirmed an ALJ's credibility decision where the ALJ stated, among other things, that the claimant received only minimal conservative treatment for his various complaints. Id. But the Court also noted that a plaintiff could overcome an ALJ's credibility decision by offering a credible explanation about the lack of more serious treatment. See id. ("While such reasoning may not hold up in all cases (there may be claimants with good reasons for not seeking treatment and credible explanations for their ability to work inside but not outside the home), it is sufficient here, as Fair has not put forward any evidence that reconciles the inconsistency between his words and his actions."); see also Smolen, 80 F.3d at 1284 (evidence of good reason existed where claimant had no insurance and could not afford treatment); see also 20 C.F.R. § 404.1530 (listing acceptable reasons for failure to follow prescribed treatment).

Here, the ALJ cited to plaintiff's lack of aggressive treatment and specifically, to the fact that no physician recommended back surgery for plaintiff as grounds for rejecting her credibility. (AR

10

at 51).  The Court, however, does not find that plaintiff's treatment can be adequately characterized as conservative.  First, plaintiff testified that physicians recommended surgery on his knee and shoulder, but that his insurance denied coverage.  (AR at 101-02). Indeed, while Mark W. Brown, M.D., an orthopedic, recommended conservative care for plaintiff's neck and back, Dr. Brown also requested authorization to perform surgery on plaintiff's knee.  (AR at 344-45).  After an examination on November 11, 2004, Dr. Brown wrote, "Without further surgical treatment for [his right knee, plaintiff] is not able to progress any further with conservative care."  (AR at 433).  Furthermore, after an examination by Vance Z. Johnson, M.D., a pain management specialist, plaintiff consented to undergoing cervical epidural injections, notwithstanding the risks involved because such injections are not officially approved by the Food and Drug Administration.  (AR at 452).  Given this evidence of serious treatment recommendations, the Court finds that the ALJ erred by rejecting plaintiff's credibility based on a lack of aggressive treatment.  Although the ALJ correctly notes that no doctor recommended back surgery for plaintiff, the Court, nonetheless, finds that this proffered reason alone does not constitute a sufficient ground for rejecting plaintiff's subjective complaints based on conservative treatment in light of the entire medical record.

    In sum, the Court finds that the ALJ identified two valid factors for rejecting plaintiff's credibility in her decision.  The two factors, suspicions of treating physicians of malingering and the subjective complaints that were out of proportion to the objective findings, are sufficient grounds for rejecting plaintiff's credibility under the law.  While the Court found that the ALJ's third factor,

11

1  plaintiff's conservative medical treatment, was an insufficient
2  ground, the remaining two reasons constitute sufficient reasons to
3  reject plaintiff's testimony of her subjective complaints.

**ORDER**

After careful consideration of all documents filed in this matter, this Court finds that the decision of the Commissioner is supported by substantial evidence and the Commissioner applied the proper legal standards.  The Court, therefore, AFFIRMS the decision of the Commissioner of Social Security Administration.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: September 20, 2006

                                            /s/
                                 JENNIFER T. LUM
                                 UNITED STATES MAGISTRATE JUDGE